IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, Plaintiffs, v. CANTIERI, INC., an Illinois corporation, Defendant. | No. 13 C 9049<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, GREGORY W. HOSE, and ARNOLD AND KADJAN, complain against the Defendant, **CANTIERI, INC.**, an Illinois corporation, as follows:

**COUNT I**

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee

Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Defendant, **CANTIERI, INC.( "CANTIERI"**), an Illinois corporation, is an employer engaged in an industry affecting commerce which on or about **May 22, 1991** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **CANTIERI** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy is attached as Exhibit "A."

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **CANTIERI** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **CANTIERI** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **CANTIERI** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **CANTIERI** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **CANTIERI** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. (A) **CANTIERI** has breached the provisions of the Labor Agreement and Trust Agreements by failing to produce reports and contributions for the period from July 2013 through the present.

(B) CANTIERI has also breached the provisions of the Labor Agreement and Trust Agreements by failing to pay liquidated damages on tardy contributions in an amount not presently precisely ascertainable, but which on information and belief, is at least $8,922.51.

3

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **CANTIERI** is required to pay liquidated damages, accumulated liquidated damages that have and auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **CANTIERI.**

13. **CANTIERI** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

(i) interest on the unpaid contributions; or

(ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That **CANTIERI** be ordered to produce reports contributions the period from July 1, 2013 through the present; and that CANTIERI be ordered to produce its books and records for a fringe benefit fund contribution compliance audit for the period from December 1, 2011 through the present;

B. That judgment be entered in favor of Plaintiffs and against **CANTIERI** in the amount shown to be due on the reports; the unpaid liquidated damages, and on the audit;

C.  That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

D.  That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **CANTIERI and**

E.  That this Court grant such other and further relief as may be appropriate under the circumstances.

                        Respectfully submitted,

                        TRUSTEES OF THE CHICAGO PAINTERS
                        AND DECORATORS PENSION
                        FUND et al,

                By:    S/James R. Anderson
                        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GREGORY W. HOSE
ARNOLD AND KADJAN
203 North LaSalle Street, Suite 1650
Chicago, Illinois 60601
(312) 236-0415

Case: 1:13-cv-09049 Document #: 1 Filed: 12/19/13 Page 6 of 7 PageID #:6
Case: 1:04-cv-05065 Document #: 1 Filed: 08/02/04 Page 7 of 11 PageID #:7
JUN 8 '93 12:58   FROM PAINTERS D.C. #14   TO ARNOLD   PAGE.002

## PDC #14 INDUSTRY INTERIM AGREEMENT

THIS AGREEMENT entered into by and between PAINTERS' DISTRICT COUNCIL NO. 14 (hereinafter referred to as "the Union" and _____ referred to as "the Employer"), WITNESSETH THAT:

WHEREAS, the PAINTING AND DECORATING CONTRACTORS' ASSOCIATION, CHICAGO CHAPTER and THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "Associations") and the Union have not reached a bargaining agreement to be effective June 1, 1991; and

WHEREAS, the parties to this Agreement wish to promote continued employment in the industry, prevent interruption of work and inconvenience to the public;

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respect to wages, hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's painting and taping employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he was bound to all terms and conditions of the Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1991, and hereby reaffirms his continuing obligation with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are not inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between the Union and the Associations and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said contracts are specifically incorporated by reference and made a part hereof. In the event of a conflict the Interim Agreement shall supersede and control.

3. The Collective Bargaining Agreement between the Union and Associations (effective on June 1, 1991, and all subsequent amendments thereto) are incorporated herein as if they were set forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated agreement upon its ratification and acceptance.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein.

EXHIBIT A

5. The Employer agrees to pay the increases to the hourly wage and fringe benefit rates as announced by the Union June 1, 1991. Said rates shall be in effect if no area wide agreement is reached prior to that date.

6. In the event subsequent negotiations between the Associations and the Union increase the benefits beyond those provided in this Agreement, then all additional benefits shall be paid retroactive to June 1, 1991. If, however, the Agreements between the Associations and the Union requires payment of less than that required herein, then neither the Union nor the employees shall be required to reimburse the Employer for any monies paid pursuant to the terms of this Interim Agreement. It is further understood and agreed that, should the negotiations between the Union and the applicable Association result in an economic settlement, in excess of the increase provided for by this Agreement, then this Agreement shall be automatically amended to provide for any such additional increases.

7. This Agreement shall become effective at 12:01 a.m. June 1, 1991 and shall remain in full force and effect until 12:00 midnight May 31, 1992 or the length of the newly negotiated Associations area wide contract whichever is longer and shall continue thereafter unless there has been given not less than sixty (60) nor more than ninety (90) days written notice by registered or certified mail prior to expiration by either party hereto of the desire to modify, amend or terminate this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new area wide negotiated contracts with the applicable Association incorporating them into this Memorandum of Interim Agreement and extending this Agreement for the life of the newly negotiated contracts.

8. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this ___ day of _May_____, 1991.


EMPLOYER
FIRM: _Cantieri Inc._
(Print)
ADDRESS: _1836 39th Ct. Elmwood Park, IL 60635_
X _[signature]_            X _Maurice Cantieri_
SIGNATURE AND TITLE                         (Print)

_____       _____
SIGNATURE                                (Sign)

PROOF OF CORPORATION:     ( ) YES     ( ) NO

If signed before: WHEN and under what TRADE name:

_____

Local Union # _____          PAINTERS' DISTRICT COUNCIL NO. 14

                              _Gerald C. Harms_